

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 27, 1962

Honorable H. D. Dodgen          Opinion No. WW-1366
Executive Secretary
Game and Fish Commission    Re:  Construction of Item 5
Austin, Texas                    of the appropriation to
                                 the Game and Fish
Dear Mr. Dodgen:                 Commission.

Your request for an opinion reads as follows:

"At a recent regular meeting of the Game
and Fish Commission, the Commission accepted
the option to purchase a building and portion
of a block in downtown La Porte, Texas.  The
building to be used to house one of the five
regional offices of the Game and Fish Commis-
sion.

"It was the Commission's intent to pay
for the aforementioned land and building out
of Item No. 5 of the Commission's current
Biennial Appropriation Law, being Senate Bill
No. 1, First Called Session of the 57th Leg-
islature.

"Approval of the Governor, as required by
paragraph 2, page 94 of this Act, is in our
hands.

"In deciding to purchase the property in
question the Commission based its authority
upon the provisions found in the first para-
graph, page 164, of the above mentioned Act,
referring specifically to the term 'capital
outlay.'

"For your information the Comptroller's
expenditure classification of the particular
purchase is No. 66.

"There has been some oral conversation at
the Comptroller's office as to whether or not
Item 13, page 93 of the Game and Fish Commis-
sion's appropriation, may be an exception to

Item 5. We shall therefore appreciate your opinion as to whether the Game and Fish Commission may proceed with the acquisition of this property to be paid for as above indicated."

Items 5 and 13 of the appropriation to the Game and Fish Commission of the current General Appropriation Act read as follows:

"For the Years Ending
August 31,    August 31,
1962          1963

"5. Consumable supplies and materials, current and recurring operating expense (excluding travel); operation, and maintenance of passenger automobiles; replacement, operation and maintenance of aircraft; and capital outlay ...................$1,283,800  1,236,800"

"13. Building purchases, construction or remodeling:

| | | 1962 | 1963 |
|---|---|---|---|
| a. | For construction of headquarters buildings in Matador Wildlife Management Area................ | 50,000 | U.B. |
| b. | For construction of headquarters buildings in Big Hill Wildlife Management Area ............... | | 50,000 |
| c. | For construction of various boat docks and storage buildings for berthing of Game and Fish boats | 5,000 | 5,000 |
| d. | For remodeling and storage buildings at Texoma ................ | 1,000 | 1,000 |
| e. | For remodeling Marine laboratories at Seabrook and Rockport...... | 1,500 | " |

The term "capital outlay" as used in Item 5 is defined by the Legislature in the General Appropriation Act as follows:

"The term 'capital outlay' as used in this Article shall mean and include items set out in the Comptroller of Public Accounts' Expenditure Classification, effective September 1, 1959, and numbered 60 to 69." (Section 11, paragraph 2 of Riders to Article III)

According to your request, the purchase of the building and a portion of a block in downtown La Porte, Texas, is included in the Comptroller of Public Accounts' Expenditure

Classification No. 66. Therefore, this particular expenditure is included in Item 5.

Following the appropriation to the Game and Fish Commission is contained the following rider:

"None of the funds appropriated above to the Game and Fish Commission may be expended for the purchase of land unless such land has been surveyed so as to determine that the acreage involved reasonably and closely approximates the acreage supposedly involved. Land will not be purchased without prior approval of the Governor after obtaining the advice of the Legislative Budget Board. None of the funds appropriated herein may be expended for the purchase of land unless such land is purchased with the condition expressed in the deed of conveyance that all income from the mineral estate from leasing, production and/or sale, and from pipe line rights-of-way purchases will be deposited to the General Revenue Fund."

You state in your request that the above rider has been complied with. It is noted that the expenditure of Item 13 would not necessarily be involved in purchases covered by the above quoted rider. Therefore, it is our opinion that the appropriation contained in Item 5 for "capital outlay" constitutes an additional appropriation from those items contained in Item 13. You are therefore advised that Item 5 may be expended for the purposes outlined in your request.

## S U M M A R Y

Item 5 of the appropriation to the Game and Fish Commission for "capital outlay" may be expended by the Game and Fish Commission for the purpose of purchasing a

building and portion of a block in down-
town La Porte, Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

John Reeves
Assistant Attorney General

Charles R. Lind
Assistant Attorney General

JR:ms,sh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Fred Ward
Gordon Zuber
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore